UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No. 5:22-cv-183-BJB-LLK

**FAYE BYRNES,**                                                                                   **PLAINTIFF**

v.

**AMERICAN ECONOMY INSURANCE**                                          **DEFENDANT**
**COMPANY,**

## MEMORANDUM OPINION AND ORDER

On September 28, 2022, Plaintiff Faye Byrnes filed a petition in Marshall Circuit Court seeking the appointment of an umpire. [DN 1-1, 20-1]. Due to the one-year limitation in the American Economy Insurance Company policy, Plaintiff then filed a complaint in a separate action for breach of contract, bad faith, violations of the Unfair Claims Settlement Practices Act, and violations of KRS § 304.12-235. [DN 1-1] at 13–16. Defendant removed the December 6, 2022 action to this Court on December 28, 2022. *Id.*

Plaintiff filed a motion to stay the action before this Court pending completion of the appraisal. [DN 20]. Defendant American Economy Insurance Company filed a response to which Plaintiff replied. [DN 22, 23]. This matter was referred to Magistrate Judge King for hearing and determining all pretrial matters, including non-dispositive motions under 28 U.S.C. § 636(b)(1)(A). [DN 8]. The matter is now ripe for review.

For the reasons below, the Court will **DENY the motion at Docket Number 20.**

### BACKGROUND

Plaintiff Faye Byrnes owned real property at 412 Fly Away Drive, Benton, Kentucky 42025. Compl. [DN 1-1] at 10. Plaintiff Byrnes filed a claim for damages related to the December 10, 2021 tornado ("Mayfield Tornado"). *Id.* Plaintiff's policy insured the premises for "replacement cost" value. *Id.* at 11. Plaintiff Byrnes disagreed with the amount paid by her

insurance provider American Economy Insurance Company ("AEIC") and "believes the amount of loss to be much greater than [the amount] estimated by AEIC." *Id.*

The policy included language that each party "shall select a competent and disinterested appraiser." *Id.* at 12. Plaintiff "Byrnes appointed Arthur Grandinetti as her appraisal and AEIC appointed Michael Schwartz as its appraiser." *Id.* at 13. AEIC then appointed Todd James as its replacement appraiser. *Id.* According to the policy terms, the appraisers would then select an umpire. *Id.* If the appraisers failed to agree on an umpire within fifteen days, the insured or the insurer can, after notice of hearing by certified mail, seek for a court to select an umpire "in the county in which the property covered is located." *Id.*

The appraisers did not agree on an umpire so Plaintiff filed a petition in Marshall Circuit Court seeking appointment of an umpire. [DN 1-1, 20-1]. Plaintiff Byrnes and Defendant American Economy Insurance Company later agreed on an umpire's appointment. [DN 20-1] at 210. The amount of damages, cost of repairs, and cause of the damages remains in dispute.

## PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING APPRAISAL

Plaintiff Faye Byrnes seeks to stay "this action pending completion of the agreed-to appraisal process." [DN 20] at 204. According to Plaintiff, "the entry of a stay order remains appropriate because the amount of loss—including the scope of loss, appropriate means and methods of repair, and the costs of the same—must be determined before the parties can litigate issues such as causation, coverage, and other policy liability disputes." *Id*. In her Memorandum of Support of Plaintiff's Motion to Stay Proceedings Pending Appraisal, Plaintiff Byrnes argues that Defendant American Economy Insurance Company "contends that its purported coverage and causation disputes should be determined prior to the appraisal, or alternatively, that the litigation should run parallel with the appraisal." [DN 20-1] at 207. Plaintiff calls Defendant's

position a "fire-aim-ready" tactic. *Id.* In support of her motion, Plaintiff argues that "[c]ommon sense, logic, and case law in other jurisdictions support the position that, in order to determine what caused the damage or whether such damage is covered under an insurance policy, one must first determine the scope of that damage." *Id.* at 208.

Plaintiff cites two cases, *Motorists Mutual Insurance Company v. Post* and *Woods Apartments v. United States Fire Insurance Company*, which both noted that "if an appraisal is allowed under the terms of an insurance contract, the court may let the appraiser determine both the cause of loss and the amount of loss. However, the scope of coverage—whether an event is covered under the terms of the policy—is for the court to determine as a matter of law." *Motorists Mut. Ins. Co. v. Post*, No. 04-487-JBC; 2005 WL 2674987, at *3 (E.D. Ky. Oct. 20, 2005); *Woods Apartments, LLC, v. U.S. Fire Ins. Co.*, No. 11-41-C, 2012 WL 12996188, at *1 (W.D. Ky. May 2012).

According to Plaintiff, the insurance policy in question provides for an appraisal process but the appraiser cannot "appraise causation, coverage, or policy liability as part of determining the amount of a loss," making the policy similar to Tennessee's appraisal statues. [DN 20-1] at 213. Plaintiff argues that, because the policy mirrors Tennessee's appraisal statue, this Court should follow Tennessee's example. *Id.* According to Plaintiff, "Tennessee courts routinely stay litigation entirely pending the outcome of an appraisal, and thereafter, those courts permit the parties to raise any remaining overage or liability disputes upon the appraisal's completion." *Id.* at 214.

Defendant American Economy Insurance Company opposes Plaintiff's motion to stay litigation pending the appraisal. In the response, Defendant counters that "Plaintiff's reliance on a handful of inapplicable federal district court cases from Tennessee is misplaced. In each of

those cases, the main issue before the court was whether to compel an appraisal over one party's objection." Resp. [DN 22] at 231. According to Defendant, the motion is this case is distinguishable from the motions in cases cited by Plaintiff. *Id*. In this case, unlike those cited, "American is not seeking to prevent the appraisal from taking place. Moreover, it does not appear [in the Tennessee cases] that the parties opposing appraisal in those cases specifically objected to or briefed the issue of whether to stay litigation if an appraisal was ordered." *Id.*

**I.        Legal Standard**

This Court noted that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket." *Nat'l Tr. Ins. Co. v. Heaven Hill Distilleries, Inc.*, No. 3:14-CV-00394-DJH, 2015 WL 1931961, at *2 (W.D. Ky. Apr. 28, 2015) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). "Courts may exercise this broad discretion so long as the moving party makes out a clear case of hardship or inequity in being required to go forward and the opposing party will not suffer substantial prejudice." *Id.* (citing *Cochran v. United Parcel Serv., Inc.*, 137 F. App'x 768, 772 (6th Cir.2005); *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir.1999)). As noted by the Sixth Circuit, "[w]hile no precise test has developed to guide district courts in deciding whether to grant requested stays, courts have noted a number of relevant considerations. The most important consideration is the balance of hardships." *Int'l Broth. of Elec. Workers, Loc. Union No. 2020, AFL-CIO v. AT&T Network Sys. (Columbia Works)*, No. 88-3895, 1989 WL 78212, at *8 (6th Cir. July 17, 1989). This means that "the moving party has the burden of proving that it will suffer irreparable injury if the case moves forward, and that the non-moving party will not be injured by a stay." *Id*.

"In deciding whether to grant a stay, courts commonly consider the following factors: (1) the stage of litigation; (2) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (3) whether a stay simplifies the issues; and (4) whether the burden of litigation on the parties and on the court is reduced." *Nichols v. State Farm Mut. Auto. Ins. Co.*, No. 2:22-CV-16, 2022 WL 1166232, at *1 (S.D. Ohio Apr. 20, 2022) (citing *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010)). "The movant bears the burden of showing both a need for delay and that 'neither the other party nor the public will suffer harm from entry of the order.'" *Id.*, at *1 (quoting *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)).

"A court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liability without undue delay." *Eldridge v. Cabela's Inc.*, No. 3:16-cv-536-DJH, 2017 WL 4364205, at *2 (W.D. Ky. Sept. 29, 2017) (quoting *Ohio Env't Council*, 565 F.2d at 396). This court has noted that "[e]specially in cases involving insurance coverage litigation and the coordination of multiple related claims, a court may take reasonable actions to maintain control of its docket in order to promote judicial economy and efficiency and to minimize confusion and conflict." *Nat'l Tr. Ins. Co. v. Heaven Hill Distilleries, Inc.*, No. 3:14-CV-00394-DJH, 2015 WL 1931961, at *2 (W.D. Ky. Apr. 28, 2015) (citing *Manual for Complex Litigation* (Fourth) § 20 (2004); 75 Am. Jur. 2d Trial § 21).

Defendant American Economy relies on this same standard as it was articulated in *EMW Women's Surgical Center, P.S.C. v. Friedlander*, 591 F.Supp.3d 205, 211 (W.D. Ky. 2022) ("In determining whether to grant a stay, courts consider several factors: 'the balance of the hardships, the potential harm to the public, and judicial economy and efficiency.'") (quoting *Caudill v. Wells Fargo Home Mortg., Inc.*, No. 5:16-066-DCR, 2016 WL 3820195, at *2 (E.D.

Ky. July 11, 2016)); [DN 22] at 231. Plaintiff argues that the standard presented by Defendant "is inapplicable" because Plaintiff "does not seek a stay pending the outcome of an independent judicial proceeding[.]" Reply [DN 23] at 269. It is unclear whether Plaintiff articulates an alternative standard in her memorandum of support or her reply. [DN 20-1, 23].

Federal courts in Tennessee considering a motion to stay proceedings pending the appraisal process have applied this same standard. *See e.g., Kush Enters., LLC v. Mass. Bay Ins. Co.*, No. 3:18-cv-492, 2019 WL 13117568 at *3 n. 2 (E.D. Tenn. Nov. 7, 2019).

Absent an alternative to the contrary, this Court considers the motion under the standard articulated above. The factors enumerated in *Nichols v. State Farm Mut. Auto. Ins. Co.* are considered below within the broader categories of balance of hardship and judicial economy and efficiency.

## II.   Balance of hardships

"'The most important consideration is the balance of hardships; the moving party has the burden of proving that it will suffer irreparable injury if the case moves forward, and that the non-moving party will not be injured by a stay.'" *Eldridge v. Cabela's Inc.*, No. 3;16-cv-536-DJH, 2017 WL 4364205, at *2 (W.D. Ky. Sept. 29, 2017) (quoting *Int'l Broth. of Elec. Workers, Loc. Union No. 2020, AFL-CIO v. AT&T Network Sys. (Columbia Works)*, No. 88-3895, 1989 WL 78212, at *8 (6th Cir. July 17, 1989). "'A court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liability without undue delay.'" *Id*. (quoting *Ohio Env't. Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div*., 565 F.2d 393, 396 (6th Cir. 1977)).

### A.   Whether the non-moving party will be unduly prejudiced or tactically disadvantaged

Plaintiff Byrnes argues that a stay is appropriate because "the scope of loss, *i.e.* what the damage actually consists of; the proper means and methods of repair; and the costs of the same – should be determined prior to litigating any coverage or causation disputes." [DN 20-1] at 207. According to Plaintiff, "in order to determine what caused the damage or whether such damage is covered under an insurance policy, one must first determine the scope of that damage." *Id.*

The Sixth Circuit's caution that a court must "tread lightly" when considering granting a stay because a "party has a right to a determination of its rights and liabilities without undue delay" applies in this context. *Ohio Env't Council,* 565 F.2d at 396. Defendant American has a right to a determination of its liabilities as to causation so the balance of hardships weighs more heavily on Defendant American. The greater burden on Defendant weighs against granting the motion.

### B. Whether the burden of litigation on the parties is reduced[1]

Plaintiff's argument in favor of a stay focuses more on judicial economy and efficiency than injury to a party. Plaintiff instead argues that American's plan to litigate causation while appraising scope of loss and cost of repair "will result in inefficiency, confusion of the claims and issues, and protracted litigation, including the possibility that ligated issues may have to be re-litigated after the extent of the damage is determined." [DN 23] at 269.

On the other hand, Defendant argues that "[s]taying the litigation during the appraisal process would simply delay the complete resolution of the parties' dispute." [DN 22] at 229.

---

[1] *Nichols v. State Farm Mut. Auto. Ins. Co*. referenced four factors, the fourth factor considers "whether the burden of litigation on the parties and on the court is reduced." No. 2:22-CV-16, 2022 WL 1166232, at *1 (S.D. Ohio Apr. 20, 2022) (citing *Grice Eng'g, Inc. v. JG Innovations, Inc*., 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010)). For the purposes of efficiency, this Court considers the first part of the fourth factor here and the second part of the fourth factor *infra*. § III(C).

The Court agrees with Defendant that staying litigation for purpose of determining the scope of damages rather than continuing to litigate the issue of causation "delays the complete resolution of the parties' dispute" in this matter. *Id.* Because the burden of litigation would not be reduced if this matter were stayed pending completion of the appraisal, this factor weigh against granting the motion.

### III. Judicial Economy and Efficiency

#### A. *The stage of litigation*

This matter was removed to this Court in December 2022. [DN 1]. The parties entered a Joint Report of a Rule 26(f) planning meeting on February 3, 2023. [DN 16]. The parties appeared before the undersigned on February 23, 2023, and the parties were granted leave to file the motion to stay and a response. [DN 18]. This means that Plaintiff filed a lawsuit and then filed a motion to stay proceedings before the discovery deadlines were entered. The date of the appraisal is unclear from the briefs so the Court is uncertain the length of time that the parties estimate the case would be stayed. While Plaintiff filed the motion to stay early in litigation, the uncertainty of the length of the stay weighs against granting the motion.

#### B. *Whether a stay simplifies the issues*

Plaintiff argues in favor of a stay as "the Parties must know what the damage actually consists of before they can litigate whether American owes Ms. Byrnes for such damage." [DN 20] at 205. As Plaintiff noted, American "contends that its purported coverage and causation disputes should be determined prior to the appraisal, or alternatively, that the litigation should run parallel with the appraisal." [DN 20-1] at 2-7. Defendant argues that "[h]aving the appraisal panel assign values to all of Plaintiff's claimed property damage would do nothing to narrow the causation issues to be litigated." [DN 22] at 232.

This Court agrees that the values assigned by appraisal panel are not immediately necessary to the causation issues. The distinction between the issues weighs against granting the motion.

### C. *Whether the burden of litigation the Court is reduced*

The parties have not presented a timeframe in which the umpire would assess the damages and for the parties to seek lifting of the stay. An indefinite stay to assess damages when the first issue is causation means that court resources are unlikely to be preserved through a stay.

## CONCLUSION

Applying the above principles to this case, the Court concludes that Plaintiff has not shown both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. Of Ohio, E. Div*. 565 F.2d 393, 396 (6th Cir. 1977).

**IT IS THEREFORE ORDERED**

Plaintiff's motion to stay is denied. [DN 20].

**IT IS ALSO ORDERED**

The parties shall file a joint status report with proposed litigation deadlines within fourteen days of the entry of this order.

July 13, 2023

Lanny King, Magistrate Judge
United States District Court